

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,312-01

### EX PARTE JAVIER TAMEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 08-CR-0741-D IN THE 105TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to ten years' imprisonment.

Applicant, through habeas counsel, raises several claims. In one, he contends that trial counsel rendered ineffective assistance because counsel never took the requisite steps to preserve Applicant's right to appeal. Applicant asks for a late appeal. Trial counsel, who was retained, provided an affidavit stating, in part, "I advised [Applicant of] his right to appeal and the

requirements to provide notice of his intention to appeal and the deadline for filing the same. I advised against filing an appeal and stated my reasons. ... [Applicant] indicated he would consult with other counsel. He was aware I was not filing an appeal on his behalf and did not request I take any action in that regard."

This Court, in *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003), outlined the steps trial counsel must take to preserve a defendant's right to appeal, stating as follows (internal citations omitted):

> Trial counsel's responsibilities consist of a two-step process. First, the attorney must ascertain whether the defendant wishes to appeal. The decision to appeal lies solely with the defendant.... If the defendant does not wish to appeal, trial counsel's representation ends. If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court. At this point, trial counsel has two options. He may sign the notice himself, in which case, he effectively "volunteers" to serve as appellate counsel. Alternatively, the defendant may file the notice pro se, which serves as "an indication that trial counsel 'does not wish to pursue his client's appeal.'" A "contemporaneous" presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.

Additional facts are needed to resolve Applicant's claim. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order trial counsel to provide additional information indicating whether he complied with *Jones v. State* in advising Applicant of his appellate rights. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to obtain the information. If the trial court elects to hold a hearing, and if Applicant is no longer represented by habeas counsel, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel at the hearing, the trial court shall appoint an attorney to represent Applicant.

TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel's advice complied with *Jones v. State* and whether Applicant was denied his right to a meaningful appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 14, 2015
Do not publish